IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHNNY R. THOMPSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-05-101 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER

Johnny R. Thompson ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion for Summary Judgment. Dkt. No. 16. Having considered the motion, response, record, and relevant law, the Court finds that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

### Background

Petitioner claims that his rights were violated in the course of disciplinary proceeding number 20050266685. Dkt. No. 1 at 5. Petitioner was charged with refusing to turn out for a work assignment without a legitimate reason. Disciplinary Hearing Record ("DHR") at 2. Petitioner was notified of the charge on May 27, 2005 and attended a hearing on June 8, 2005, where he was found guilty. *Id.* at 1. The Disciplinary Hearing Officer imposed the following punishment: 45 days loss of recreation; 45 days loss of commissary; 45 days of cell restriction; a reduction in class from L2 to L3; and 45 days lost good time credit. *Id.*

On June 9, 2005, Petitioner submitted a Step 1 grievance form. Disciplinary Grievance Record ("DGR") at 3. This grievance claims that Petitioner's reason for not showing up for work was that he had an illness for which he was being treated by the Medical Unit, that he was denied the opportunity to present lab results at his hearing, that the tape recorder was stopped many times throughout the hearing, and that the guilty verdict was not based on credible evidence. *Id.* at 3-4. The Step 1 grievance was rejected on July 27, 2005. *Id.* at 4.

On August 1, 2005, petitioner submitted a Step 2 grievance form. *Id.* at 1. Petitioner's claim in the Step 2 grievance appears to argue only that his medical condition prevented him from working. *Id.* at 1. This grievance was rejected on August 26, 2005. *Id.* at 2.

Petitioner signed and mailed the instant federal habeas corpus petition on September 6, 2005. Dkt. No. 1 at 9.

### Claims and Allegations

Petitioner alleges four grounds for his claim that his due process rights were violated:

1. Petitioner could not work because of his medical condition;

2. Petitioner was not permitted to enter lab test results into evidence;

3. Illness is a legitimate reason for refusing to turn out for work; and

4. The tape recorder was stopped and started multiple times during the disciplinary hearing.

### Summary Judgment Standard

Respondent is entitled to summary judgment if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the [respondent] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Respondent, as the movant, bears the burden of convincing the court that this standard has been satisfied.

### Exhaustion of Administrative Remedies

Petitioner's second, third, and fourth claims are barred for failure to exhaust administrative remedies. Before bringing a habeas corpus petition in federal court, Petitioner must exhaust his administrative remedies. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). Here, Petitioner's administrative remedy was the two-step grievance procedure outlined above. Petitioner must, however, present all of his claims at each of the steps in the grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). While Petitioner argued his second, third, and fourth claims in his Step 1 grievance, he failed to do so on his Step 2 form. This does not satisfy the requirements of exhaustion, and thus these claims are procedurally barred.

Petitioner has not alleged the "extraordinary circumstances," *Cent. States Se. & Sw. Areas Pension Fund v. T.I.M.E.-DC*, 826 F.2d 320, 329 (5th Cir. 1987), or good cause and actual prejudice necessary to overcome the procedural bar. *Johnson v. Cain*, 215 F.3d 489 (5th Cir. 2000).

### Petitioner's First Claim

Petitioner's first claim, that he could not work due to illness, does not entitle him to relief. Due process in the context of a prison disciplinary decision does not require all the protections of a full-blown criminal trial. It does require that there be "some evidence in the record" to support the findings of the disciplinary authorities, *Superintendant, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985), as well as advance written notice of the violation (at least 24 hours before the hearing), a written statement giving the grounds for the disciplinary decision, and the ability to call witnesses and provide documentary evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Petitioner's does not argue in his first claim that any of these three due process requirements were not satisfied.

To the extent Petitioner is challenging the factual finding that Petitioner did not have a legitimate excuse for failing to turn out to work, it would be inappropriate for this Court to overturn said finding. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) (citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981)). However, there is evidence in the record that Petitioner had no medical restrictions preventing him from turning out for work. DHR at 4-8. Thus, it cannot be said that there was no evidence supporting the prison officials' decision, so this Court will not overturn that decision.

Therefore, Petitioner's sole claim that is not procedurally barred has no merit, and summary judgment should be granted for Respondent.

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

Based on the foregoing, Respondent's Motion for Summary Judgment (Dkt. No. 18) is GRANTED, the Petition for a Writ of Habeas Corpus (Dkt. No. 1) is DENIED, and a Certificate of

Appealability shall not issue.

It is so ORDERED.

SIGNED this 25th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE